Van Wyck, J.
— The plaintiffs, who are retail grocers, commenced this action in June, 1894, by service of summons and complaintand in the latter alleged that during a period of fourteen months,, ending in September, 1893, they sold and delived to defendant groceries of the value of $949.47, on account of which she had paid $361.16, leaving a balance due of $558.81. The defendant demanded and received a voluminous bill of particulars of the daily deliveries of the groceries during such period, and of the separate values thereof. Thereafter, on June 26, 1894, defendant served a verified answer, in which she specifically admitted that during the alleged period “ groceries to the value of $949.47 ” had been sold and delivered to her ns alleged in the complaint, and alleged that she had paid “ the sum of $949.47 in full payment for said goods.” By consent, the issues thus framed were sent too referee to hear and determine, and noticed by plaintiffs for trial for May 1, 1895, before the referee, on which day the parties appeared, and defendant sought and obtained an adjournment of two weeks, and then moved at special term, on the 15 of May, eleven months after issue joined, on a proposed amended answer, verified by her, and on an affidavit made, not by her, but by her attorney, for permission to'serve such amended answer, by which she. withdraws the admissions contained in her original answer, and interposes a denial, which will put the plaintiffs to the proof of their cause of action, and of the quantity and value of eveiy of these numerous items of groceries delivered to her daily, for a period of fourte.en months, ending two years ago, but retains her plea of payment in full for all such groceries. The defendant makes no affidavit, but her counsel avers that he “has examined the plaintiffs’ bill of particulars, and found it to be grossly inaccurate in respect to the amount of the goods delivered, the time of such deliveries, and the value of the goods delivered, and in over forty places in the addition of the various items composing the daily orders.” What does he know of his own knowledge about’ the amount and value of the groceries, or the times of their delivery, and why does he not specify these errors in the additions ? They may counterbalance one another, or may aggregate only a- few cents or a few dollars, and, if so, why should plaintiffs be forced to make proof of many hundred items of groceries, their value, and time of delivery, especially when, the delivery was made several years ago. If these errors in the addition of the bill of particulars really exist, and are at all substantial, the referee will certainly correct them by amendment or otherwise, and they should be pointed out to enablet he plaintiffs to correct them if they exist. The court below properly denied defendant’s application for permission to interpose an amended answer on the facts disclosed on the motion, and was indulgent to defendant in granting leave to renew her application before the referee.
Order affirmed, with $10 costs. »
All concur.